UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

WESTERN DIVISION

In Re: ) Chapter 13 Case No.: 17 - 32884 - jpg
)
Richard M. McCormick ) Judge John P. Gustafson
)
)
Debtor(s). ) ☐ Original Chapter 13 Plan
) ☑ Modified Chapter 13 Plan, dated July 2, 2018

*************************************************************************************

**NOTICE OF SPECIAL PROVISIONS (Check One)**
☐ This plan DOES NOT include any provision deviating from the uniform plan in effect at the time of the filing of this case.
☑ This plan DOES contain special provisions that must be and are set forth in paragraph 11 below.

**NOTICE OF DISCHARGE ELIGIBILITY**
The Debtor is eligible for discharge unless otherwise indicated below:
☐ Debtor is NOT eligible for discharge under 11 U.S.C §1328(f).
☐ Joint Debtor is NOT eligible for discharge under 11 U.S.C §1328(f).

**ATTENTION CREDITORS AND PARTIES IN INTEREST**
This plan sets forth how the Debtor or Debtors ("Debtor") propose to pay claims. You should read this plan carefully and discuss it with your attorney. Anyone who wishes to oppose any provision of this plan must file a timely written objection with the court. This plan may be confirmed and become binding without further notice or hearing unless a timely written objection is filed. Creditors must file a proof of claim with the court in order to receive distributions under this plan.

1. **PAYMENTS**
A. The Debtor shall make monthly payments to the Chapter 13 Trustee ("Trustee") in the amount of $_____ per month ("Plan Payment") for at least the duration of the applicable commitment period, unless all allowed claims are paid in full in a shorter period of time.

B. (Check One)
☑ The applicable commitment period is 36 months.
☐ The applicable commitment period is 60 months.

C. Unless the court orders otherwise, the plan will not be considered complete until either (i) all allowed claims are paid in full, or (ii) the plan has run for at least the applicable commitment period and at least the amount specified in paragraph 7 has been paid to unsecured creditors.

D. Trustee may increase the Plan Payment during the term of the plan as necessary to reflect increases, if any, in any conduit payments paid by the Trustee.

1

## 2. DISTRIBUTIONS

A. After confirmation of this plan, funds available for distribution will be paid monthly by the Trustee in the following order: (i) Trustee's authorized percentage fee and/or administrative expenses; (ii) attorney fees as allowed under applicable rules and guidelines; (iii) conduit payments as provided for in paragraph 3(C); (iv) monthly payments as provided for in paragraph 5(C); (v) monthly payments as provided for in paragraphs 3(A), 3(B), 4(A), 4(B) and 9; (vi) monthly payments as provided for in paragraph 6; and (vii) general unsecured claims.

B. If the Trustee has received insufficient funds from the Debtor to make the conduit payment, the Trustee may accumulate funds until sufficient funds are available for distribution of a full monthly payment. The Trustee may distribute amounts different from the monthly payments specified in the plan if the Trustee determines such deviation is appropriate or reasonably necessary for the administration of the plan.

C. Unless a claim objection is sustained, a motion to value collateral or to avoid a lien is granted, or the court orders otherwise, distributions on account of claims in paragraphs 3(A), 3(C), 4(A), 5, 6, 7 and 9 will be based upon the classification and amount stated in each claim holder's proof of claim rather than any classification or amount stated in this plan. Conversely, distributions on account of claims in paragraphs 3(B), 4(B) and 4(C) will be based upon the classification and amount stated in the plan rather than the classification and amount stated in the claim holder's proof of claim. Unless otherwise set or mandated by statute, interest on all secured personal property claims provided for in this plan shall be paid pursuant to paragraph 4(D).

## 3. CLAIMS SECURED BY REAL PROPERTY

### A. Mortgage Arrearages and Real Estate Tax Arrearages (Paid per the Proof of Claim)

Trustee shall pay the monthly payment amount to allowed claims for mortgage arrearages and real estate tax arrearages. Note: If the Trustee will not be making the continuing mortgage payments, the Debtor is responsible for paying all post-petition mortgage payments that ordinarily come due beginning with the first payment due after the filing of the case.

| Creditor | Property Address | Estimated Arrearage Claim | Monthly Payment on Arrearage Claim (Paid by Trustee) |
|---|---|---|---|
| None | | | |

### B. Other Real Estate Claims (Paid per the Plan)

Trustee shall pay the monthly payment amount to creditors up to the amount and interest rate as specified below. The portion of any allowed claim that exceeds the amount to be paid through the plan shall be treated as an unsecured claim. Unless the court orders otherwise, upon confirmation, the amount, interest rate and monthly payment specified below will be binding under 11 U.S.C §1327.

| Creditor | Property Address | Amount to be Paid Through the Plan | Interest Rate | Monthly Payment (Paid by Trustee) |
|---|---|---|---|---|
| None | | | | |

### C. Conduit Payments

Trustee shall pay the regular monthly mortgage payments beginning with the first payment due after the filing of the case (or the first payment due after the filing of a modified plan if the modified plan proposes to change the treatment of a mortgage from "non-conduit" to "conduit"). Unless real estate taxes and insurance are included in the mortgage payments to be paid by the Trustee pursuant to the Plan, the Debtor shall remain responsible for paying those obligations as they become due. Note: If the Trustee is making the continuing monthly mortgage payments, the mortgage creditor must also be listed in paragraph 3(A) above.

2

| Creditor | Property Address | Monthly Payment (Paid by Trustee) |
|---|---|---|
| None | | |

### 4. CLAIMS SECURED BY PERSONAL PROPERTY

**A. Secured Claims (Paid per the Proof of Claim)**

Claims specified below are debts secured by a purchase money security interest in a vehicle acquired for the personal use of the Debtor for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within one year of filing. Trustee shall pay the following claims, with interest per paragraph 4(D), in equal monthly payments as specified below.

| Creditor | Collateral Description | Monthly Payment (Paid by Trustee) |
|---|---|---|
| None | | |

**B. Other Secured Claims (Paid per the Plan)**

Claims specified below are debts secured by personal property not provided for in paragraph 4(A) above. Trustee shall pay the allowed claims up to the secured amount, with interest per paragraph 4(D), in equal monthly payments as specified below. The portion of any allowed claim that exceeds the secured amount will be treated as an unsecured claim. Unless the court orders otherwise, upon confirmation, the secured amount and monthly payment specified below will be binding under 11 U.S.C. §1327.

| Creditor | Collateral Description | Secured Amount | Monthly Payment (Paid by Trustee) |
|---|---|---|---|
| None | | | |

**C. Pre-confirmation Adequate Protection Payments (Paid per the Plan)**

Trustee shall pay the monthly payment amount to creditors for pre-confirmation adequate protection as specified below.

| Creditor | Collateral Description | Monthly Payment (Paid by Trustee) |
|---|---|---|
| None | | |

**D. Interest**

The interest rate to be paid on all secured personal property claims provided for in this plan shall be the prime rate plus a risk factor of 2.0%. The applicable prime rate shall be fixed for the life of this plan at the U.S. prime rate shown in the Wall Street Journal for Money Rates as of the date of the entry of the confirmation order. Only through separate order may a party-in-interest obtain court approval to apply a different interest rate. This provision shall not alter interest rates set or mandated by statute.

### 5. DOMESTIC SUPPORT OBLIGATIONS (Paid per the Proof of Claim)

A. Debtor [ ] does [✓] does not have domestic support obligations under 11 U.S.C. §101(14A).

**B.** Specify the holder(s) of any claims for domestic support obligations under 11 U.S.C. §1302(d) unless the holder is a minor. If the holder of a claim is a minor, the name and address of the minor holder shall be disclosed to the Trustee in a private document contemporaneously with the filing of this plan in compliance with 11 U.S.C. §112.

| Holder Name | Address |
|---|---|
| None | |

**C.** Trustee shall pay the monthly payment amount to creditors for domestic support obligation arrearages as specified below. Debtor shall pay the holder(s) of non-arrearage claims for domestic support obligations as those payments ordinarily come due unless otherwise specified in paragraph 11 – Special Provisions.

| Creditor | Creditor Address | Monthly Payment on Arrearage Claim (Paid by Trustee) |
|---|---|---|
| N/A | | |

**6. OTHER PRIORITY CLAIMS (Paid per the Proof of Claim)**
Trustee shall pay the monthly payment amount to creditors for allowed unsecured priority claims as specified below.

| Creditor | Monthly Payment (Paid by Trustee) |
|---|---|
| None | |

**7. GENERAL UNSECURED CLAIMS**
Debtor estimates the total of the non-priority unsecured debt to be $ 86,500____. Trustee will pay to creditors with allowed non-priority unsecured claims a pro-rata share of $ 8650____ or 10 %, whichever is greater. Trustee is authorized to increase the amount paid to unsecured creditors in order to comply with paragraph 1 of this plan.

**8. PROPERTY TO BE SURRENDERED**
**A.** Debtor surrenders the property described below and the creditor may file a claim for the deficiency, which will be treated as a non-priority unsecured claim. Any unsecured deficiency claim must be filed by the bar date for claims or allowed by separate order of the court.

| Creditor | Property Description |
|---|---|
| N/A | |

**9. EXECUTORY CONTRACTS AND UNEXPIRED LEASES (Pay per the Proof of Claim)**
All executory contracts and unexpired leases are rejected except the following, which are assumed. Trustee shall pay the monthly payment amount to allowed claims for executory contract arrearages and unexpired lease arrearages as specified below. Debtor shall pay all post-petition payments that ordinarily come due.

| Creditor | Property Description | Estimated Arrearage Claim | Monthly Payment on Arrearage Claim (Paid by Trustee) |
|---|---|---|---|
| None | | | |

4

## 10. OTHER PLAN PROVISIONS

**A.** Property of the estate shall revest in the Debtor ☐ upon confirmation. ☑ upon discharge, dismissal or completion. If the Debtor has not made a designation, property of the estate shall revest in the Debtor upon confirmation. Unless otherwise ordered, the Debtor shall remain in possession of all property of the estate during the pendency of this case. All property in which the Debtor retains possession shall be insured by the Debtor. Trustee shall have no responsibility to insure assets and shall have no liability for damage or loss relating to property which is in the possession and control of the Debtor.

**B.** Notwithstanding the automatic stay, creditors and lessors provided for in paragraphs 3(A), 3(C), and 9 of this plan may continue to mail customary notices or coupons to the Debtor.

**C.** Trustee shall pay any post-petition claim filed and allowed under §1305(a)(1).

**D.** The following co-debtor claims will be paid by the co-debtor outside the plan:

<u>Creditor</u>　　　　　<u>Property Description</u>
None

## 11. SPECIAL PROVISIONS

This plan shall include the provisions set forth in the boxed area below. **Note: The provisions set forth below will not be effective unless there is a check in the second *notice box* preceding paragraph 1 of this plan.** Further, these provisions should not contain a restatement of the Bankruptcy Code, Federal Rules of Bankruptcy Procedures, Local Bankruptcy Rules or case law.

> See attached supplemental page for Special Provisions and Circumstances included in this Amended Chapter 13 Plan together with Attachments #1, #2 and #3 thereto.

_Richard M McCormick_
DEBTOR

Date: _July 2, 2018_

Richard M. McCormick

_[signature]_
DEBTOR

_[signature]_
ATTORNEY FOR DEBTOR

Quentin M. Derryberry II

5

# Supplement to
# Amended Plan Paragraph #11, SPECIAL PROVISIONS

The genesis of the sole claim filed against debtor is that he was made a party to a multi-lateral complaint in Auglaize County Common Pleas Court filed 2/13/17 (last day prior to bar date). The primary defendants were Richard McCormick Enterprises, LLC, John T. McCormick and Richard McCormick (debtor herein) JMC Enterprises, Inc. (presently in Chapter in case No. 17-32318-maw) was subsequently added as a defendant. Although there have been a plethora of modifications of pleadings, the several dates for evidentiary hearings have all been continued.

On June 8, 2018, on Joint Motion of the primary parties to the litigation (see Ex. 1 & 2) essentially all claims pending in Auglaize County pertaining to the FMI Enterprises, LLC. complaint was mutually dismissed **With Prejudice**. This includes a claim in which FMI sets forth an interest in property which is owned by JMC Enterprises, Inc, and which is the basis of the claim in this bankruptcy estate. Debtor had understood (mis-understood) that the POC filed in this case would be withdrawn which would have brought about the voluntary dismissal of this case by Debtor, as it is in fact the only claim scheduled and potential debt owed by Debtor.

Debtor is preparing to file forthwith an objection to the claim of FMI Enterprises, Inc. Debtor would point out to this Court that Judge Whipple (in Case #17-32318) has just entered an ORDER FOR TURNOVER OF ASSETS/RECORDS HELD BY CUSTODIALN (Doc. #41 dated June 29, 2018) (Ex. #3) which in part provides for the production of billing statements which, when produced by FMI Enterprises, Inc. will support, inter allia, the claim in that case that FMI Enterprises (or one of its entities that contracted with the Debtor, JMC Enterprises, Inc.) owes a substantial amount to JMC Enterprises as well as assist in showing that any property that may have been sold by Richard McCormick on behalf of JMC Enterprises was clearly not property in which FMI has an interest. The timing of the Turnover Order will be beneficial in producing this and other documentation to support the Objection to Claim in this case.

To the extent that the FMI Enterprises claim in this case should survive the Objection process, any non-exempt assets of Debtor, after cost and expenses of the Chapter 13 proceedings, should be payable to the claimant.

IN THE COURT OF COMMON PLEAS
AUGLAIZE COUNTY, OHIO

AUGLAIZE COUNTY
COMMON PLEAS COURT
FILED

2018 JUN -8 PM 12: 28

I. JEAN MECKSTROTH
CLERK OF COURTS

FMI ENTERPRISES, LLC,

    Plaintiff,

and

CINCINNATI PRECISION MACHINERY, INC.

    Intervening Plaintiff,

vs.

RICHARD MCCORMICK ENTERPRISES, LLC et al.,

    Defendants.

vs.

F. RANDOLPH SLEEPER

    Third Party Defendant

Case No. 2017 cv 0030

Judge Frederick D. Pepple

## AGREED MOTION FOR DISMISSAL OF CLAIMS

Pursuant to Ohio Civil Rule 41(A)(2), Plaintiffs/Counterclaim-Defendants FMI Enterprises, LLC ("FMI") and F. Randolph Sleeper ("Sleeper"), and Defendant/Counterclaim-Plaintiff John McCormick jointly move to dismiss with prejudice the following claims:

- In FMI's Amended Complaint against John McCormick, Count II (Breach of Indemnification Agreement), Count IV (Conversion), Count V (Fraud), and Count VI (Breach of Fiduciary Duty).

- In Sleeper's Counterclaim against John McCormick, Count I (Fraud), Count II (Breach of Fiduciary Duty), and Count III (Breach of the Indemnification Agreement).

Ex #1

- In John McCormick's Counterclaim against FMI, Count I (Fraud) and Count II (Breach of Fiduciary Duty).
- In John McCormick's Third-Party Complaint against Sleeper, Count I (Fraud) and Count II (Breach of Fiduciary Duty).

As a result of this dismissal, the only claims remaining are those by or against parties in bankruptcy to which the automatic stay applies (specifically, JMC and Richard McCormick). All other claims have already been disposed of by this Court.

As a result of this dismissal, there are no remaining issues to be tried in this matter.

Agreed:

*signature*

Peter W. Hahn (0070202)
Eric B. Kjellander (0096219)
**DINSMORE & SHOHL LLP**
191 W. Nationwide Blvd., Suite 300
Columbus, Ohio 43215
Tel: (614) 227-4286
Fax: (614) 628-6890
phahn@dinsmore.com
eric.kjellander@dinsmore.com
*Attorneys for FMI Enterprises, LLC and F. Randolph Sleeper*

*signature* Kevin C. Connell by *signature* per authorization

Kevin C. Connell (0063817)
**BRUNS, CONNELL, VOLLMAR & ARMSTRONG**
137 N. Main St., Suite 400
Dayton, Ohio 45402
Tel: (937) 999-6290
Fax: (937) 307-3057
kconnell@bcvalaw.com
*Counsel for John T. McCormick*

2

AUGLAIZE COUNTY
COMMON PLEAS COURT
FILED

2018 JUN -8 PM 3:08

I. JEAN MECKSTROTH
CLERK OF COURTS

IN THE COURT OF COMMON PLEAS
AUGLAIZE COUNTY, OHIO

FMI ENTERPRISES, LLC,

    Plaintiff,

and

CINCINNATI PRECISION MACHINERY, INC.

    Intervening Plaintiff,

vs.

RICHARD MCCORMICK ENTERPRISES, LLC et al.,

    Defendants.

vs.

F. RANDOLPH SLEEPER

    Third Party Defendant

Case No. 2017 cv 0030

Judge Frederick D. Pepple

**ENTRY**

Pursuant to the Parties' joint motion to dismiss, the Court hereby orders as follows:

1. In FMI's Amended Complaint against John McCormick, Count II (Breach of Indemnification Agreement), Count IV (Conversion), Count V (Fraud), and Count VI (Breach of Fiduciary Duty) are hereby dismissed with prejudice;
2. In Sleeper's Counterclaim against John McCormick, Count I (Fraud), Count II (Breach of Fiduciary Duty), and Count III (Breach of the Indemnification Agreement) are hereby dismissed with prejudice;
3. In John McCormick's Counterclaim against FMI, Count I (Fraud) and Count II (Breach of Fiduciary Duty) are hereby dismissed with prejudice; and
4. In John McCormick's Third-Party Complaint against Sleeper, Count I (Fraud) and Count II (Breach of Fiduciary Duty) are hereby dismissed with prejudice.
5. As a result of these dismissals, the only claims remaining are those by or against parties in bankruptcy to which the automatic stay applies (specifically, JMC and Richard McCormick). All other claims have already been disposed of by this Court.

4

VOL 187 PAGE 1895

Ex # R

6. Because no claims remain to be tried, the trial currently scheduled for June 11-13 is hereby canceled.
7. The parties shall bear their own costs.

*Judge Frederick Pepple*

**CLERK TO FURNISH COPY TO COUNSEL OF RECORD AND UNREPRESENTED PARTIES**

5

VOL 187 PAGE 1896

The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.



_____
Mary Ann Whipple
United States Bankruptcy Judge

Dated: June 29 2018

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

IN RE:  * Case No. 17-32318
 *
JMC MECHANICAL, INC. * Judge Mary Ann Whipple
 *
Debtor. * William L. Swope, Trustee
 * 221 South Main Street
 * Findlay, Ohio 45840
 * (419) 422-0288
 * Sup. Ct. #0029538

### ORDER FOR TURNOVER OF ASSETS/RECORDS HELD BY A CUSTODIAN

This cause came to be heard on the Motion of William L. Swope, Trustee.

No objection or other response to the Motion was filed. Upon due consideration and for good cause shown, it is hereby,

ORDERED, that the Custodians for Debtor(s), JMC MECHANICAL, INC. and, to wit, FMI Enterprises, LLC, F. Randolph Sleeper, John T. McCormick, Jacqueline McCormick, Richard McCormick, and Richard McCormick Enterprises, LLC to turnover the following:

1) All information related to accounts receivable owed to JMC Mechanical, Inc. including but not limited to:

    A) Billing Statements/Invoices

    B) Vendor Contracts and Work Orders supporting all accounts receivable

    C) Tax Returns for JMC Mechanical, Inc. for tax years 2013, 2014, 2015, 2016 and 2017

    D) Copies of all resolutions and/or minutes from all corporate Board Meetings held by JMC Mechanical, Inc. during calendar years 2013, 2014, 2015, 2016 and 2017

ORDERED, that neither the Custodians nor the Debtor(s) take any post-petition action that results in a diminution of the value of this asset.

## SERVICE LIST

United States Trustee, at (Registered address)@usdoj.gov

Quinton Derryberry on behalf of the debtor, JMC Mechanical, Inc. at qmd@derryberrylawfirm.com

Eric Kjellander, on behalf of FMI Enterprises, LLC, Custodian, at eric.kjellander@disnmore.com

Kevin C. Connell, on behalf of John McCormick, at kconnell@bcvalaw.com

William L. Swope on behalf of the Chapter 7 Trustee's Office at trustee7@sbcglobal.net

John McCormick, Custodian
1864 Timarron Way
Naples, FL 34109

F. Randolph Sleeper, Custodian
637 Overbrook Dr.
Columbus, OH 43214

Richard McCormick, Custodian
1603 Madison Place
Wapakoneta, OH 45895

Jacqueline McCormick, Custodian
1603 Madison Place
Wapakoneta, OH 45895

Richard McCormick Enterprises, LLC, Custodian
1603 Madison Place
Wapakoneta, OH 45895

/s/William L. Swope
William L. Swope, Trustee
Sup. Ct. #0029538
610 Tiffin Ave
Findlay, Ohio 45840
(419) 422-0288
trustee7@sbcglobal.net