Debtor 1  **Richard M McCormick**
First Name   Middle Name   Last Name

Debtor 2
(Spouse, if filing)  First Name   Middle Name   Last Name

United States Bankruptcy Court for the: **NORTHERN** District of **Ohio**
(State)

Case number: **17-32884-jpg**
(If known)

☑ Check if this is an amended plan, and list below the sections of the plan that have been changed.

7-2-18 Filing (Doc. #54) not on Official Form 113

Official Form 113

# Chapter 13 Plan

12/17

## Part 1: Notices

To Debtors: This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

To Creditors: **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. *Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ☑ Not included |
| --- | --- | --- | --- |
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4 | ☐ Included | ☑ Not included |
| 1.3 | Nonstandard provisions, set out in Part 8 | ☑ Included | ☐ Not included |

## Part 2: Plan Payments and Length of Plan

2.1 Debtor(s) will make regular payments to the trustee as follows:

$ **100.00** per ~~Month~~ for **36** months
[and $ _____ per _____ for _____ months.] *Insert additional lines if needed.*

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2 Regular payments to the trustee will be made from future income in the following manner:**

*Check all that apply.*

☐ Debtor(s) will make payments pursuant to a payroll deduction order.

☒ Debtor(s) will make payments directly to the trustee.

☐ Other (specify method of payment):_____.

**2.3 Income tax refunds.**

*Check one.*

☐ Debtor(s) will retain any income tax refunds received during the plan term.

☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.

☒ Debtor(s) will treat income tax refunds as follows:

Debtors income is limited to Social Security and Debtor is no lo0nger drequired to file income tax returns so there are no refunds anticipated.

**2.4 Additional payments.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

☒ Debtor(s) will make additional payment(s) to the trustee from other sources, as specified below. Describe the source, estimated amount, and date of each anticipated payment.

In the event that the sole claim against Debtor in his schedules and the sole claim filed (Claim #1, FMI Enterprises, Inc.) should survive the Objection being filed, debtor recognises that he has non exempt equity in motor vehicle which will be surrendered to Trustee.

**2.5** The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is $_____.

## Part 3: Treatment of Secured Claims

**3.1 Maintenance of payments and cure of default, if any.**

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

☐ The debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below as to the current installment payment and arrearage. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of creditor | Collateral | Current installment payment (including escrow) | Amount of arrearage (if any) | Interest rate on arrearage (if applicable) | Monthly plan payment on arrearage | Estimated total payments by trustee |
|---|---|---|---|---|---|---|
| _____ | _____ | $_____ Disbursed by: ☐ Trustee ☐ Debtor(s) | $_____ | _____% | $_____ | $_____ |
| _____ | _____ | $_____ Disbursed by: ☐ Trustee ☐ Debtor(s) | $_____ | _____% | $_____ | $_____ |

*Insert additional claims as needed.*

**3.2 Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.** *Check one.*

☒ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

***The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.***

☐ The debtor(s) request that the court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the debtor(s) state that the value of the secured claim should be as set out in the column headed *Amount of secured claim*. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below.

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

The holder of any claim listed below as having value in the column headed *Amount of secured claim* will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Monthly payment to creditor | Estimated total of monthly payments |
|---|---|---|---|---|---|---|---|---|
| _____ | $_____ | _____ | $_____ | $_____ | $_____ | ___% | $_____ | $_____ |
| _____ | $_____ | _____ | $_____ | $_____ | $_____ | ___% | $_____ | $_____ |

*Insert additional claims as needed.*

**3.3 Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

☐ The claims listed below were either:

(1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Unless otherwise ordered by the court, the claim amount stated on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) controls over any contrary amount listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of creditor | Collateral | Amount of claim | Interest rate | Monthly plan payment | Estimated total payments by trustee |
|---|---|---|---|---|---|
| _____ | _____ | $_____ | ___% | $_____ <br> Disbursed by: <br> ☐ Trustee <br> ☐ Debtor(s) | $_____ |
| _____ | _____ | $_____ | ___% | $_____ <br> Disbursed by: <br> ☐ Trustee <br> ☐ Debtor(s) | $_____ |

*Insert additional claims as needed.*

| Debtor _____ | Case number _____ |

### 3.4 Lien avoidance.

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*
**The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.**

☐ The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor(s) would have been entitled under 11 U.S.C. § 522(b). Unless otherwise ordered by the court, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 5 to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan. See 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d). *If more than one lien is to be avoided, provide the information separately for each lien.*

| Information regarding judicial lien or security interest | Calculation of lien avoidance | | Treatment of remaining secured claim |
|---|---|---|---|
| **Name of creditor** _____ | a. Amount of lien | $ _____ | **Amount of secured claim after avoidance** (line a minus line f) $ _____ |
| | b. Amount of all other liens | $ _____ | |
| **Collateral** _____ | c. Value of claimed exemptions | + $ _____ | **Interest rate** (if applicable) _____ % |
| | d. Total of adding lines a, b, and c | $ _____ | |
| **Lien identification** (such as judgment date, date of lien recording, book and page number) _____ _____ | e. Value of debtor(s)' interest in property | − $ _____ | **Monthly payment on secured claim** $ _____ |
| | f. Subtract line e from line d. | $ _____ | **Estimated total payments on secured claim** $ _____ |
| | Extent of exemption impairment (*Check applicable box*): ☐ **Line f is equal to or greater than line a.** The entire lien is avoided. *(Do not complete the next column.)* ☐ **Line f is less than line a.** A portion of the lien is avoided. *(Complete the next column.)* | | |

*Insert additional claims as needed.*

### 3.5 Surrender of collateral.

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

☐ The debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtor(s) request that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below.

| Name of creditor | Collateral |
|---|---|
| _____ | _____ |
| _____ | _____ |

*Insert additional claims as needed.*

17-32884-jpg　　Doc 55　　FILED 07/09/18　　ENTERED 07/09/18 12:41:41　　Page 4 of 19

### Part 4: Treatment of Fees and Priority Claims

**4.1 General**

Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2 Trustee's fees**

Trustee's fees are governed by statute and may change during the course of the case but are estimated to be __6__ % of plan payments; and during the plan term, they are estimated to total $__216.00__.

**4.3 Attorney's fees**

The balance of the fees owed to the attorney for the debtor(s) is estimated to be $__2000.00__.

**4.4 Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

☐ The debtor(s) estimate the total amount of other priority claims to be _____.

**4.5 Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim under 11 U.S.C. § 1322(a)(4). *This plan provision requires that payments in § 2.1 be for a term of 60 months; see* 11 U.S.C. § 1322(a)(4).

| Name of creditor | Amount of claim to be paid |
|---|---|
| _____ | $_____ |
| _____ | $_____ |

*Insert additional claims as needed.*

### Part 5: Treatment of Nonpriority Unsecured Claims

**5.1 Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

☐  The sum of $_____.

☐  _____% of the total amount of these claims, an estimated payment of $_____.

☒  The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $_____. Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2 Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

☒ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

☐ The debtor(s) will maintain the contractual installment payments and cure any default in payments on the unsecured claims listed below on which the last payment is due after the final plan payment. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. The claim for the arrearage amount will be paid in full as specified below and disbursed by the trustee. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of creditor | Current installment payment | Amount of arrearage to be paid | Estimated total payments by trustee |
|---|---|---|---|
| _____ | $_____ <br> Disbursed by: <br> ☐ Trustee <br> ☐ Debtor(s) | $_____ | $_____ |
| _____ | $_____ <br> Disbursed by: <br> ☐ Trustee <br> ☐ Debtor(s) | $_____ | $_____ |

*Insert additional claims as needed.*

**5.3 Other separately classified nonpriority unsecured claims.** *Check one.*

☒ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

☐ The nonpriority unsecured allowed claims listed below are separately classified and will be treated as follows

| Name of creditor | Basis for separate classification and treatment | Amount to be paid on the claim | Interest rate (if applicable) | Estimated total amount of payments |
|---|---|---|---|---|
| _____ | _____ | $_____ | _____ % | $_____ |
| _____ | _____ | $_____ | _____ % | $_____ |

*Insert additional claims as needed.*

## Part 6: Executory Contracts and Unexpired Leases

**6.1** The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected. *Check one.*

☒ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

☐ **Assumed items.** Current installment payments will be disbursed either by the trustee or directly by the debtor(s), as specified below, subject to any contrary court order or rule. Arrearage payments will be disbursed by the trustee. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of creditor | Description of leased property or executory contract | Current installment payment | Amount of arrearage to be paid | Treatment of arrearage (Refer to other plan section if applicable) | Estimated total payments by trustee |
|---|---|---|---|---|---|
| _____ | _____ | $_____ Disbursed by: ❏ Trustee ❏ Debtor(s) | $_____ | _____ | $_____ |
| _____ | _____ | $_____ Disbursed by: ❏ Trustee ❏ Debtor(s) | $_____ | _____ | $_____ |

*Insert additional contracts or leases as needed.*

## Part 7: Vesting of Property of the Estate

**7.1 Property of the estate will vest in the debtor(s) upon**

*Check the applicable box:*

❏ plan confirmation.

☒ entry of discharge.

❏ other: _____.

## Part 8: Nonstandard Plan Provisions

**8.1 Check "None" or List Nonstandard Plan Provisions**

❏ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.

*The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.*

See attached supplemental page for Special Provisions and Circumstances included in this Amended ~~Chapter 13 Plan together with Exhibits #1, #2, #3 and #4 thereto pertaining to the dismissal of actions~~ pending in ~~pending in the Auglaize County Common Pleas Court as well as a Discovery (Turn Over of Documents)~~ Order issued in Case #17-32318 which will result in the production of documents which will assist Debtor in the prosecution of the Objection to Claim #1 of FMI Enterprises, LLC.

Debtor _____  Case number _____

## Part 9: Signature(s):

### 9.1 Signatures of Debtor(s) and Debtor(s)' Attorney

*If the Debtor(s) do not have an attorney, the Debtor(s) must sign below; otherwise the Debtor(s) signatures are optional. The attorney for the Debtor(s), if any, must sign below.*

X /s/ Richard M. McCormick  
Signature of Debtor 1

Executed on 07/06/2018  
           MM / DD / YYYY

X N/A /Richard M. Cormick/  
Signature of Debtor 2

Executed on _____  
           MM / DD / YYYY

X /s/ Quentin M. Derryberry II  
Signature of Attorney for Debtor(s)

Date 07/06/2018  
     MM / DD / YYYY

By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Official Form 113, other than any nonstandard provisions included in Part 8.

Official Form 113        Chapter 13 Plan        Page 8

# Exhibit: Total Amount of Estimated Trustee Payments

The following are the estimated payments that the plan requires the trustee to disburse. If there is any difference between the amounts set out below and the actual plan terms, the plan terms control.

a. **Maintenance and cure payments on secured claims** (*Part 3, Section 3.1 total*)     $ None

b. **Modified secured claims** (*Part 3, Section 3.2 total*)     $ None

c. **Secured claims excluded from 11 U.S.C. § 506** (*Part 3, Section 3.3 total*)     $ ~~None~~

d. **Judicial liens or security interests partially avoided** (*Part 3, Section 3.4 total*)     $ None

e. **Fees and priority claims** (*Part 4 total*)     $ 2216.00

f. **Nonpriority unsecured claims** (*Part 5, Section 5.1, highest stated amount*)     $ None

g. **Maintenance and cure payments on unsecured claims** (*Part 5, Section 5.2 total*)     $ None

h. **Separately classified unsecured claims** (*Part 5, Section 5.3 total*)     $ None

i. **Trustee payments on executory contracts and unexpired leases** (*Part 6, Section 6.1 total*)     $ None

j. **Nonstandard payments** (*Part 8, total*)     + $ None

**Total of lines a through j**     $ 2216.00

Debtor expect to prevail on his Objection to Claim #1, in which case their should be no distrobution beyond Trustee Fees and allowed attorney fees (and any additional court costs). As acknowledged in Part 2.4 above, debtor has non-exempt equity in a motor vehicle that will be surrendered in the event Claim #1 were to be allowed.

# Supplement to
# Amended Plan Paragraph #11, SPECIAL PROVISIONS

The genesis of the sole claim filed against debtor is that he was made a party to a multi-lateral complaint in Auglaize County Common Pleas Court filed 2/13/17 (last day prior to bar date). The primary defendants were Richard McCormick Enterprises, LLC, John T. McCormick and Richard McCormick (debtor herein) JMC Enterprises, Inc. (presently in Chapter in case No. 17-32318-maw) was subsequently added as a defendant. Although there have been a plethora of modifications of pleadings, the several dates for evidentiary hearings have all been continued.

On June 8, 2018, on Joint Motion of the primary parties to the litigation (see Ex. 1 & 2) essentially all claims pending in Auglaize County pertaining to the FMI Enterprises, LLC. complaint was mutually dismissed **With Prejudice**. This includes a claim in which FMI sets forth an interest in property which is owned by JMC Enterprises, Inc, and which is the basis of the claim in this bankruptcy estate. Debtor had understood (mis-understood) that the POC filed in this case would be withdrawn which would have brought about the voluntary dismissal of this case by Debtor, as it is in fact the only claim scheduled and potential debt owed by Debtor.

Debtor is preparing to file forthwith an objection to the claim of FMI Enterprises, Inc. Debtor would point out to this Court that Judge Whipple (in Case #17-32318) has just entered an ORDER FOR TURNOVER OF ASSETS/RECORDS HELD BY CUSTODIALN (Doc. #41 dated June 29, 2018) (Ex. #3) which in part provides for the production of billing statements which, when produced by FMI Enterprises, Inc. will support, inter allia, the claim in that case that FMI Enterprises (or one of its entities that contracted with the Debtor, JMC Enterprises, Inc.) owes a substantial amount to JMC Enterprises as well as assist in showing that any property that may have been sold by Richard McCormick on behalf of JMC Enterprises was clearly not property in which FMI has an interest. The timing of the Turnover Order will be beneficial in producing this and other documentation to support the Objection to Claim in this case.

To the extent that the FMI Enterprises claim in this case should survive the Objection process, any non-exempt assets of Debtor, after cost and expenses of the Chapter 13 proceedings, should be payable to the claimant.

IN THE COURT OF COMMON PLEAS
AUGLAIZE COUNTY, OHIO

AUGLAIZE COUNTY
COMMON PLEAS COURT
FILED

2018 JUN -8 PM 12:28

I. JEAN HECKSTROTH
CLERK OF COURTS

| | |
|---|---|
| FMI ENTERPRISES, LLC,<br><br>Plaintiff,<br><br>and<br><br>CINCINNATI PRECISION MACHINERY, INC.<br><br>Intervening Plaintiff,<br>vs.<br><br>RICHARD MCCORMICK ENTERPRISES, LLC et al.,<br><br>Defendants.<br><br>vs.<br><br>F. RANDOLPH SLEEPER<br><br>Third Party Defendant | Case No. 2017 cv 0030<br><br>Judge Frederick D. Pepple |

## AGREED MOTION FOR DISMISSAL OF CLAIMS

Pursuant to Ohio Civil Rule 41(A)(2), Plaintiffs/Counterclaim-Defendants FMI Enterprises, LLC ("FMI") and F. Randolph Sleeper ("Sleeper"), and Defendant/Counterclaim-Plaintiff John McCormick jointly move to dismiss with prejudice the following claims:

- In FMI's Amended Complaint against John McCormick, Count II (Breach of Indemnification Agreement), Count IV (Conversion), Count V (Fraud), and Count VI (Breach of Fiduciary Duty).

- In Sleeper's Counterclaim against John McCormick, Count I (Fraud), Count II (Breach of Fiduciary Duty), and Count III (Breach of the Indemnification Agreement).

Ex #1

- In John McCormick's Counterclaim against FMI, Count I (Fraud) and Count II (Breach of Fiduciary Duty).
- In John McCormick's Third-Party Complaint against Sleeper, Count I (Fraud) and Count II (Breach of Fiduciary Duty).

As a result of this dismissal, the only claims remaining are those by or against parties in bankruptcy to which the automatic stay applies (specifically, JMC and Richard McCormick). All other claims have already been disposed of by this Court.

As a result of this dismissal, there are no remaining issues to be tried in this matter.

Agreed:

/s/ *[signature]*

Peter W. Hahn (0070202)
Eric B. Kjellander (0096219)
**DINSMORE & SHOHL LLP**
191 W. Nationwide Blvd., Suite 300
Columbus, Ohio 43215
Tel: (614) 227-4286
Fax: (614) 628-6890
phahn@dinsmore.com
eric.kjellander@dinsmore.com
*Attorneys for FMI Enterprises, LLC and F. Randolph Sleeper*

Kevin C. Connell by *[signature]* per auth
Kevin C. Connell (0063817)
**BRUNS, CONNELL, VOLLMAR & ARMSTRONG**
137 N. Main St., Suite 400
Dayton, Ohio 45402
Tel: (937) 999-6290
Fax: (937) 307-3057
kconnell@bcvalaw.com
*Counsel for John T. McCormick*

AUGLAIZE COUNTY
COMMON PLEAS COURT
FILED

2018 JUN -8 PM 3:08

I. JEAN MECKSTROTH
CLERK OF COURTS

IN THE COURT OF COMMON PLEAS
AUGLAIZE COUNTY, OHIO

**FMI ENTERPRISES, LLC,**

    Plaintiff,

and

**CINCINNATI PRECISION MACHINERY, INC.**

    Intervening Plaintiff,

vs.

**RICHARD MCCORMICK ENTERPRISES, LLC et al.,**

    Defendants.

vs.

**F. RANDOLPH SLEEPER**

    Third Party Defendant

Case No. 2017 cv 0030

Judge Frederick D. Pepple

## ENTRY

Pursuant to the Parties' joint motion to dismiss, the Court hereby orders as follows:

1. In FMI's Amended Complaint against John McCormick, Count II (Breach of Indemnification Agreement), Count IV (Conversion), Count V (Fraud), and Count VI (Breach of Fiduciary Duty) are hereby dismissed with prejudice;
2. In Sleeper's Counterclaim against John McCormick, Count I (Fraud), Count II (Breach of Fiduciary Duty), and Count III (Breach of the Indemnification Agreement) are hereby dismissed with prejudice;
3. In John McCormick's Counterclaim against FMI, Count I (Fraud) and Count II (Breach of Fiduciary Duty) are hereby dismissed with prejudice; and
4. In John McCormick's Third-Party Complaint against Sleeper, Count I (Fraud) and Count II (Breach of Fiduciary Duty) are hereby dismissed with prejudice.
5. As a result of these dismissals, the only claims remaining are those by or against parties in bankruptcy to which the automatic stay applies (specifically, JMC and Richard McCormick). All other claims have already been disposed of by this Court.

VOL 187 PAGE 1895

Ex # R

17-32884-jpg   Doc 55   FILED 07/09/18   ENTERED 07/09/18 12:41:41   Page 13 of 19

6. Because no claims remain to be tried, the trial currently scheduled for June 11-13 is hereby canceled.
7. The parties shall bear their own costs.

　　　　　　　　　　　　　　　　　　　　　_/s/ Judge Frederick Pepple_
　　　　　　　　　　　　　　　　　　　　　Judge Frederick Pepple

CLERK TO FURNISH COPY TO
COUNSEL OF RECORD AND
UNREPRESENTED PARTIES

5

VOL 187 PAGE 1896

17-32884-jpg　Doc 54　FILED 07/02/18　ENTERED 07/02/18 16:03:07　Page 10 of 13
17-32884-jpg　Doc 55　FILED 07/09/18　ENTERED 07/09/18 12:41:41　Page 14 of 19

The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.



Mary Ann Whipple
United States Bankruptcy Judge

Dated: June 29 2018

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

IN RE:

JMC MECHANICAL, INC.

Debtor.

\* Case No. 17-32318
\*
\* Judge Mary Ann Whipple
\*
\* William L. Swope, Trustee
\* 221 South Main Street
\* Findlay, Ohio 45840
\* (419) 422-0288
\* Sup. Ct. #0029538

## ORDER FOR TURNOVER OF ASSETS/RECORDS HELD BY A CUSTODIAN

This cause came to be heard on the Motion of William L. Swope, Trustee.

No objection or other response to the Motion was filed. Upon due consideration and for good cause shown, it is hereby,

ORDERED, that the Custodians for Debtor(s), JMC MECHANICAL, INC. and, to wit, FMI Enterprises, LLC, F. Randolph Sleeper, John T. McCormick, Jacqueline McCormick, Richard McCormick, and Richard McCormick Enterprises, LLC to turnover the following:

Doc. # 41
17-32884-jpg    Doc 54    FILED 07/02/18    ENTERED 07/02/18 16:03:07    Page 11 of 13
Ex # 3
17-32884-jpg    Doc 55    FILED 07/09/18    ENTERED 07/09/18 12:41:41    Page 15 of 19

1) All information related to accounts receivable owed to JMC Mechanical, Inc. including but not limited to:

   A) Billing Statements/Invoices

   B) Vendor Contracts and Work Orders supporting all accounts receivable

   C) Tax Returns for JMC Mechanical, Inc. for tax years 2013, 2014, 2015, 2016 and 2017

   D) Copies of all resolutions and/or minutes from all corporate Board Meetings held by JMC Mechanical, Inc. during calendar years 2013, 2014, 2015, 2016 and 2017

ORDERED, that neither the Custodians nor the Debtor(s) take any post-petition action that results in a diminution of the value of this asset.

## SERVICE LIST

United States Trustee, at (Registered address)@usdoj.gov

Quinton Derryberry on behalf of the debtor, JMC Mechanical, Inc. at qmd@derryberrylawfirm.com

Eric Kjellander, on behalf of FMI Enterprises, LLC, Custodian, at eric.kjellander@disnmore.com

Kevin C. Connell, on behalf of John McCormick, at kconnell@bcvalaw.com

William L. Swope on behalf of the Chapter 7 Trustee's Office at trustee7@sbcglobal.net

John McCormick, Custodian
1864 Timarron Way
Naples, FL 34109

F. Randolph Sleeper, Custodian
637 Overbrook Dr.
Columbus, OH 43214

Richard McCormick, Custodian
1603 Madison Place
Wapakoneta, OH 45895

Jacqueline McCormick, Custodian
1603 Madison Place
Wapakoneta, OH 45895

Richard McCormick Enterprises, LLC, Custodian
1603 Madison Place
Wapakoneta, OH 45895

/s/William L. Swope
William L. Swope, Trustee
Sup. Ct. #0029538
610 Tiffin Ave
Findlay, Ohio 45840
(419) 422-0288
trustee7@sbcglobal.net

# OTHER MACHINERY FIXTURES AND EQUIPMENT
## (Attachment to Part 8 - #50)

JMC Mechanical, Inc. (hereinafter "JMC") generally owns all machinery and equipment located at 9 Broadway, Wapakoneta, Ohio 45895.

JMC has been a manufacturing company for some nine (9) years, primarily in the field of sheet metal manufacturing and specialty plumbing/HVAC installation materials until approximately September, 2015. JMC has fulfilled contracts for a company known as FMI Enterprises, Inc. (hereinafter "FMI") by and through a company known as Bruner Corporation (hereinafter "Bruner".

JMC terminated its operations on June 30, 2015. The building and manufacturing equipment have remained idle and substantially undisturbed from that date.

The real estate known as 9 Broadway, Wapakoneta, Ohio, belongs to Richard McCormick Enterprises LLC which is owned and controlled by John McCormick. In January, 2012, Richard McCormick Enterprises LLC leased the 9 Broadway property to the debtor, JMC, for a term that extends from January, 2012, for fifteen (15) years until December, 2027. Said Lease is still in full force and effect.

On or about August 1, 2016, Richard McCormick Enterprises LLC, with the consent of JMC, entered into a lease under which FMI could use the leased premises as a fabrication shop for a term of two (2) years commencing August 1, 2016, and continuing until July 31, 2018.

Pursuant to a Motion for Temporary Restraining Order, Preliminary and Permanent Injunction filed in the Auglaize County Common Pleas Court (2017-CV-30) on February 13, 2017, "the Lease includes the entire building and all related structures surrounding the premises, if not otherwise a part thereof, and all grounds, parking spaces, sidewalks and other common areas." The Memorandum in support of the Motion states that FMI was required to pre-pay $240,000.00 as rent for the entire Lease term, plus "additional assets". It continues that FMI intended to use the lease premises for business purposes as a fabrication shop and that "in addition, it is the location of certain pieces of equipment that were the subject of a General Assignment and Bill of Sale from John McCormick to FMI dated June 2, 2016.

Debtor claims ownership of all or essentially all of the property (machinery, equipment, inventory, parts, office equipment, etc.) contained in the building while acknowledging that FMI was permitted to utilize equipment located therein for the purpose of continuing the manufacture of sheet metal products which had previously been manufactured by JMC for FMI prior to its cessation of business.

As a general statement, the property at 9 Broadway has not been utilized or entered for any purpose whatsoever from December, 2015, to the date of the filing of the within case, other than the occasional entrance for the purpose of retrieving company business records located therein and/or to permit access to utility companies and the fire department for safety inspections.

It is impossible to enumerate with any accuracy the inventory of machinery etc. without accessing the building which contains all of the property belonging to JMC as well as all of the business records pertaining to the operation of the business prior to its cessation in December, 2015.

Exhibit #4

Since debtor has been barred and enjoined from entering the premises during the term of the Lease, it is unable to compile what would be an extensive listing of machinery, equipment, inventory, supplies, etc.

Should the Trustee be able to gain access to the property and permission to be accompanied by an appropriate representative of the Debtor, they will assist the Trustee in any way to identify and compile a listing of the property belonging to JMC, however, being under the effective control of FMI until the termination of its Lease on July 31, 2018.