IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In re: | * | Case No. 17-32884-jpg |
| **RICHARD M. McCORMICK** | * | Chapter 13 |
| Debtor | * | JUDGE JOHN P. GUSTAFSON |

**OBJECTION TO CLAIM**

The above-named Debtor, by and through his counsel and pursuant to 11 USC Section 502 and Bankruptcy Rule 3007, respectfully objects to the proof of clai9m filed by the creditor FMI Enterprises, LLC and dated February 28, 2018, for the following reasons:

1. Creditor FMI Enterprises, LLC ("FMI") clearly states as it's *sole* (emphasis added) claim against Richard M. McCormick ("Debtor") is based on a claim of conversion. FMI's sole substantiation of the claim is the attachment of an un-file stamped copy of the alleged FIRST AMMENDED COMPLAINT presumed to relate to the Common Pleas Court litigation.
2. The stated claim (line 7) is $86,500.
3. The basis of the claim (line 8) is "Est. pending claim for conversion of equipment. See attached."
4. The referenced attachment to the FMI proof of claim consists of 83 pages comprised of an18 page First Amended Complaint (referenced above)

containing some 63 pages of attached exhibits, all without any specific statement of their relation, if any, to Debtor.

5. The only reference in which potential Debtor liability is mentioned is in Count IV which alleges that John McCormick, Debtor, Richard McCormick Enterprises, LLC. (in which Debtor holds no ownership), and JMC (in which Debtor hold no ownership interest) " . . . have wrongfully converted, transferred, and removed the equipment, which is inconsistent with FMI's ownership rights."

6. The gravaman of FMI complaint pertained to partnership (LLC) dispute between John McCormick and F. Randolph Sleeper. Debtor does not own any rights in the disputed property.

7. As indicated in Debtors Amended Plan filed July 9, 2018, on June 8, 2018, an AGREED MOTION FOR DISMISSAL OF CLAIMS (*with prejudice*) was file in Auglaize County Common Pleas Court by Plaintiff's/Counterclaim-Defendants FMI and F. Randolph Sleeper and Defendant/Counterclaim-Plaintiff John McCormick (through their respective counsel) to dismiss the following claims: FMI's Amended Complaint against John McCormick, Count II (Breach of Indemnification Agreement), **Count IV (Conversion)**, Count V (Fraud) and Count VI (Breach of Fiduciary Duty), as well as F. Randolph Sleeper's Counterclaim against John McCormick Count I (Fraud), Count II (Breach of Indemnification Agreement).

8. Similarly, the Motion moved to dismiss the Counterclaims and Third Party Defendant F. Randolph Sleeper.

9. In granting the Agreed Motion For Dismissal Of Claims, *with prejudice* (by Entry also June 8, 2018) the Court found "As a result of these dismissals, the